UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JESSICA GETZ, Derivatively on Behalf of Nominal Defendant THE LOVESAC COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAWN NELSON, ANDREW R. HEYER, JACK KRAUSE, JOHN GRAFER, SHARON M. LEITE, VINEET MEHRA, WALTER F. MCLALLEN, SHIRLEY ROMIG, and DONNA DELLOMO,<br><br>    Defendants,<br><br>    and<br><br>THE LOVESAC COMPANY,<br><br>    Nominal Defendant. | Case No.: 3:24-cv-01260-VAB |
| SCOTT MCKINNON, derivatively on behalf of THE LOVESAC COMPANY,<br><br>    Plaintiff,<br><br>    vs.<br><br>SHAWN D. NELSON, DONNA DELLOMO, JOHN GRAFER, ANDREW R. HEYER, JACK A. KRAUSE, SHARON M. LEITE, WALTER F. MCLALLEN, VINEET MEHRA, and SHIRLEY ROMIG,<br><br>    Defendants,<br><br>    and<br><br>THE LOVESAC COMPANY,<br><br>    Nominal Defendant. | Case No.: 3:24-cv-01343-SVN |

*[Caption continued on following page]*

| | |
|---|---|
| DIEGO VALLE, derivatively on behalf of THE LOVESAC COMPANY,<br><br>    Plaintiff,<br><br>    vs.<br><br>DONNA DELLOMO, JOHN GRAFER, ANDREW R. HEYER, JACK KRAUSE, SHARON M. LEITE, VINEET MEHRA, WALTER F. MCLALLEN, SHAWN NELSON, and SHIRLEY ROMIG,<br><br>    Defendants,<br><br>    and<br><br>THE LOVESAC COMPANY,<br><br>    Nominal Defendant. | Case No. 3:24-cv-01327-VAB |

**ORDER CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINTING CO-LEAD COUNSEL FOR PLAINTIFFS**

Based on the Stipulation and Proposed Order filed by the Parties of the above-captioned actions on September 11, 2024, *Getz v. Nelson, et al.*, 3:24-cv-01260-VAB, ECF Nos. 17–19; *Valle v. Dellomo, et al.*, 3:24-cv-01327-VAB, ECF No. 11, and *McKinnon v. Nelson, et al.*, 3:24-cv-01343-VAB, ECF No. 12, and this Court's review of these submissions, the Court **FINDS** and **ORDERS** as follows:

WHEREAS, on July 29, 2024, Jessica Getz ("Plaintiff") filed a shareholder derivative action on behalf of nominal defendant The Lovesac Company ("Lovesac" or the "Company") in this Court alleging causes of action for violations of Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), breach of fiduciary duties, aiding and abetting breach of fiduciary duty, unjust enrichment, and waste of corporate assets against Shawn Nelson, Andrew R. Heyer, Jack Krause, John Grafer, Sharon M. Leite, Vineet Mehra, Walter F. McLallen, Shirley Romig, and Donna Dellomo (the "Individual Defendants" and, together with the Company, collectively known

2

as "Defendants"), captioned as *Getz v. Nelson et al.*, Case No. 3:24-cv-01260-VAB (the "*Getz* Action");

WHEREAS, on August 19, 2024, Diego Valle ("Plaintiff") filed a shareholder derivative action on behalf of Lovesac (nominal "Defendant") in this Court against the Individual Defendants alleging causes of action for violations of Section 14(a) of the Exchange Act, breaches of their fiduciary duties as directors and/or officers of Lovesac, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and for contribution under Sections 10(b) and 21D of the Exchange Act, captioned as *Valle v. Dellomo et al.*, Case No. 3:24-cv-01327-VAB (the "*Valle* Action");

WHEREAS, on August 21, 2024, Scott McKinnon (together with Jessica Getz and Diego Valle, collectively known as "Plaintiffs") filed a shareholder derivative action on behalf of nominal defendant Lovesac in this Court against the Individual Defendants alleging causes of action for violations of Section 14(a) of the Exchange Act, breaches of their fiduciary duties as directors and/or officers of Lovesac, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and for contribution under Sections 10(b) and 21D of the Exchange Act, captioned as *McKinnon v. Nelson et al.*, Case No. 3:24-cv-01343-SVN (the "*McKinnon* Action" and, together with the *Getz* Action and the *Valle* Action, the "Related Derivative Actions");

WHEREAS Plaintiffs and Defendants (the "Parties") agree that the Related Derivative Actions relate to substantially similar alleged conduct and involve overlapping questions of law and fact, and that the administration of justice would best be served by consolidating the Related Derivative Actions;

WHEREAS the Parties therefore respectfully submit that the Related Derivative Actions should be consolidated under Federal Rule of Civil Procedure 42(a);

WHEREAS, in order to realize the efficiencies made possible by consolidation of the

3

Related Derivative Actions, Plaintiffs agree that Rigrodsky Law, P.A., the resumé of which has been received and reviewed by this Court, and The Brown Law Firm, P.C., the resumé of which has been received and reviewed by this Court, shall be designated as Co-Lead Counsel for Plaintiffs in the consolidated derivative action; and

WHEREAS Defendants take no position regarding the appointment of co-lead counsel for Plaintiffs and reserve all rights and arguments as to the appropriateness of forum under Lovesac's Bylaws;

The consolidation of the Related Derivative Actions and the appointment of Co-Lead Counsel for Plaintiffs are **APPROVED, and ORDERED** by this Court under the following terms:

1. To the extent they have not already done so, Lovesac, the nominal Defendant, and Individual Defendants Shawn Nelson and Donna Dellomo waive service of the Complaints in the Related Derivative Actions under Fed. R. Civ. P. 4(d). Defendants' counsel expects to sign waivers of service for the remaining Individual Defendants in the near future.

2. The Related Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 3:24-cv-01260-VAB (the "Consolidated Action"):

| **Case Name** | **Case Number** | **Date Filed** |
| --- | --- | --- |
| *Getz v. Nelson, et al.* | 3:24-cv-01260-VAB | July 29, 2024 |
| *Valle v. Dellomo, et al.* | 3:24-cv-01327-VAB | August 19, 2024 |
| *McKinnon v. Nelson, et al.* | 3:24-cv-01343-VAB | August 21, 2024 |

3. Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE THE LOVESAC COMPANY DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case No. 3:24-cv-01260-VAB |

4. All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 3:24-cv-01260-VAB.

5. Co-Lead Counsel for Plaintiffs in the Consolidated Action shall be:

**RIGRODSKY LAW, P.A**
Seth D. Rigrodsky
Timothy J. MacFall
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
tjm@rl-legal.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
Saadia Hashmi
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email:  tbrown@thebrownlawfirm.net
shashmi@thebrownlawfirm.net

6. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in the Consolidated Action in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7. Co-Lead Counsel will be responsible for coordinating all activities and appearances

on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any Plaintiffs except through Co-Lead Counsel.

8. Counsel for Defendants may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

9. This Order shall apply to each shareholder derivative action that arises out of the same, or substantially the same, transactions, or events as these cases and is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re The Lovesac Company Derivative Litigation*, Lead Case No. 3:24-cv-01260-VAB, is hereafter filed in, removed to, or reassigned to this Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re The Lovesac Company Derivative Litigation*, Lead Case No. 3:24-cv-01260-VAB, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later shareholder derivative actions filed in, removed to, transferred to, or reassigned to this Court that involve substantially similar alleged conduct and questions of law and fact as the Related Derivative Actions, and such shareholder derivative actions shall be consolidated into the Consolidated Action.

10. All papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Action.

11. All *pro hac vice* applications granted in any of the Related Derivative Actions shall be deemed to apply to the Consolidated Action.

12. The Parties shall have sixty (60) days upon acceptance by the Court of the Parties'

6

September 11, 2024 Stipulation to submit a proposed schedule for the Consolidated Action. No Defendant shall be under any obligation to move, answer, or otherwise respond to any complaints filed in the Related Derivative Actions or the Consolidated Action until the date set forth in the Court's ruling on the Parties' proposed schedule. All other deadlines for reports, conferences, and filings in the Related Derivative Actions shall be suspended and shall be addressed in the Parties' proposed schedule.

13. This Order does not result in the waiver of or any prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions, including, but not limited to, any motions with respect to venue.

**IT IS SO ORDERED.**

DATED: September 20, 2024                               /s/ Victor Bolden
                                                        The Hon. Victor A. Bolden
                                                        United States District Judge